NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ST CASE1TECH, LLC,**
*Appellant*

**v.**

**JOHN A. SQUIRES, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

---

2023-2335

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2022-00302.

---

Decided: October 9, 2025

---

TIMOTHY DEVLIN, Devlin Law Firm LLC, Wilmington, DE, for appellant. Also represented by ANDREW PETER DEMARCO, ROBERT J. GAJARSA, JASON MITCHELL SHAPIRO.

PETER J. AYERS, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for intervenor. Also represented by MAI-TRANG DUC DANG.

---

Before DYK, HUGHES, and STARK, *Circuit Judges*.

PER CURIAM.

ST Case1Tech, LLC ("Case1Tech") appeals the final written decision issued by the Patent Trial and Appeal Board ("Board") in an *inter partes* review ("IPR") involving U.S. Patent No. 9,609,424 ("'424 patent").[1] Case1Tech principally argues the Board erred in its construction of "processor" as used in claim 1 of the '424 patent. The Director of the Patent Office ("Director") intervened to defend the Board's judgment. We affirm.

I

Case1Tech is the assignee of the '424 patent, which is entitled "Method and Device for Personalized Hearing." The patent discloses an "electronic audio device for use with at least one earpiece . . . or a pair of earpieces in a headphone." '424 patent Abstract. For purposes of this appeal, claim 1 is representative:

> An electronic audio device for use with at least one earpiece or a pair of earpieces, or a pair of earpieces in a headphone, each earpiece having a microphone operatively coupled to the earpiece and a speaker located therein, comprising:

---

[1]  On March 3, 2025, we granted former appellant Staton Techiya, LLC's unopposed motion to substitute ST Case1Tech, LLC as appellant. *See* ECF No. 16 (explaining that '424 patent was assigned to Case1Tech after this appeal was filed). Accordingly, although the final written decision and the briefing refer to Staton Techiya, LLC, we identify Case1Tech as appellant.

> circuitry operatively coupled to the microphone and speaker;
>
> a *processor operatively coupled to evaluate a seal quality of the earpiece based on seal quality measurements made while driving or exciting a signal into the speaker located in the earpiece*; and
>
> wherein the processor is configured to generate a visual or audio message identifying whether the at least one earpiece is properly sealed based on the seal quality measurements.

(Emphasis added)

In its final written decision, the Board held that petitioners, Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (together, "Samsung"), proved claims 1-11 unpatentable as obvious in view of U.S. Patent Publication No. 2004/0196992 ("Ryan"), alone or in combination with other prior art.[2] In reaching this conclusion, the Board construed claim 1's processor limitation – "a processor operatively coupled to evaluate a seal quality of the earpiece based on seal quality measurements made while driving or exciting a signal into the speaker located in the earpiece" – as requiring the processor to evaluate seal quality but *not* requiring that the processor also drive or excite the signal into the speaker. Appx19-23 ("Significantly, although the claim language states that the processor 'evaluate[s] seal quality,' it does not state that the processor drives or excites the signal into the speaker."). Applying this construction, the Board then determined that Ryan disclosed the claimed "processor" with its "processing

---

[2] The Board did not find claims 12-20 to be unpatentable. That conclusion is not challenged in this appeal.

circuitry 40," rendering the challenged claims of the '424 patent obvious. Appx23-25.

## II

Claim construction is a question of law that may be based on underlying factual findings. *See Teva Pharms. U.S.A., Inc. v. Sandoz, Inc.*, 574 U.S. 318, 332-33 (2015). Similarly, obviousness presents a question of law based on underlying factual findings. *See Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966). We review the Board's legal conclusions de novo and any underlying findings of fact for substantial evidence. *Wasica Fin. GmbH v. Cont'l Auto. Sys., Inc.*, 853 F.3d 1272, 1278 (Fed. Cir. 2017).

## III

Case1Tech argues that the Board erred in construing claim 1's processor limitation too broadly, as the Board did not include in its construction the requirement that the processor, in addition to evaluating seal quality, also needs to drive or excite the signal into the speaker.[3] We disagree with Case1Tech and instead agree with the Board's construction.

The claim language of the processor limitation only requires the processor to evaluate the seal quality using the seal quality measurements as inputs. Nothing in the language of the processor limitation also requires that it be the processor – as opposed to some other component of the overall device – that performs the driving or exciting a signal into the speaker located in the earpiece. These

---

[3] On appeal, Case1Tech also argues that claim 1 requires that the processor not just evaluate, but also "make the recited 'seal quality measurements.'" Opening Br. 18. However, it did not raise this claim construction argument below, so we need not consider it here. *See Netflix, Inc. v. DivX, LLC*, 84 F.4th 1371, 1378 (Fed. Cir. 2023).

conclusions, as to what *is* required by the processor and also what is *not* required by the processor, are evident from the plain terms of the processor limitation:

> a processor operatively coupled to evaluate a seal quality of the earpiece based on seal quality measurements made while driving or exciting a signal into the speaker located in the earpiece.

Again, this language expressly specifies that the processor evaluates seal quality ("a processor . . . to evaluate a seal quality"). But nowhere does it further specify that the processor must also drive or excite a signal into the earpiece speaker. While the claim language identifies *when* seal quality measurements must be made – "while driving or exciting a signal into the speaker" – it does not identify *which* component drives or excites the signal that leads to such measurements.

As the Board observed, numerous claim limitations call out tasks the processor must perform, such as "the processor is configured to generate a visual or audio message" (claim 1[c]), "the processor by way of the speaker and microphone adjusts the audio" (claim 3), and "the processor determines whether the earpiece is properly inserted" (claim 5). Appx20. The contrast between these directives and the silence with respect to which component is responsible for exciting or driving the signal confirms that the proper construction should not require the processor to excite or drive the signal.

The specification further supports this construction by repeatedly describing what the processor *can* do but nowhere identifying driving or exciting a signal as a task the processor *must* perform. *See* '424 patent at 4:14-20, 5:20-30 (describing actions processor can perform). The specification also states that the disclosed embodiments are "merely illustrative in nature and [are] in no way intended to limit the invention," '424 patent at 3:12-14, which

indicates to a person of ordinary skill in the art that the processor limitation should be understood broadly, and not in the narrow manner Case1Tech proposes.

In support of its proposed construction, Case1Tech relies heavily on the '424 patent's figures and the absence of any express disclosure of a component other than the processor that is capable of performing the measurement function. It is well-settled that claims are not limited to embodiments depicted in the figures of a patent. *See GE Lighting Sols., LLC v. AgiLight, Inc.*, 750 F.3d 1304, 1309 (Fed. Cir. 2014). Moreover, as claim 1 is a "comprising" claim, its scope "does not exclude additional unrecited elements," *Dow Chem. Co. v. Sumitomo Chem. Co.*, 257 F.3d 1364, 1380 (Fed. Cir. 2001) (internal quotation marks omitted), which means the claim can encompass an unrecited component that could perform the exciting or driving a signal function. In sum, in view of the other intrinsic evidence we have described, a skilled artisan would not understand that the claims and specification of the '424 patent are circumscribed in the manner Case1Tech advocates.

The Board found additional support for its construction in the extrinsic evidence, including its evaluation of the parties' competing expert opinions. Appx20-22. We must generally defer to the Board's decision to credit one expert over another. *See, e.g.*, *Icon Health & Fitness, Inc. v. Strava, Inc.*, 849 F.3d 1034, 1041 (Fed. Cir. 2017). Here we will do so, especially as Case1Tech failed to address the Board's evaluation of the extrinsic evidence until its reply brief, and even then, unpersuasively.

Thus, we agree with the Board that the proper construction of the processor limitation requires that the processor evaluate seal quality but does not require that the processor also drive or excite a signal into the speaker. Case1Tech makes no argument that, under this construction, the Board's finding that Ryan renders claim 1 obvious is not supported by substantial evidence.

## IV

We have considered Case1Tech's other arguments but find them unpersuasive. Accordingly, for the reasons stated, we affirm the Board.

**AFFIRMED**